RANDY S. GROSSMAN
United States Attorney
JOSEPH S. GREEN
Assistant U.S. Attorney
California State Bar No. 251169
ALEXANDRA F. FOSTER
Assistant U.S. Attorney
Washington, D.C. Bar No. 470096
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101
Telephone: (619) 546-6955/6735
Email: joseph.green@usdoj.gov/alexandra.foster@usdoj.gov

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>RUBEN ANDRE GARCIA (3),<br><br>  Defendant. | Case No. 19CR4488-JLS<br><br>JOINT MOTION TO AMEND THE RESTITUTION ORDER |

    Plaintiff, the United States of America, through its counsel, Randy S. Grossman, United States Attorney, and Joseph S. Green and Alexandra F. Foster, Assistant United States Attorneys, along with Defendant, Ruben Andre Garcia, by and through his counsel, Jan E. Ronis, hereby request that the Court amend the restitution order to state the total restitution amount, correct the amount owed to the victims listed in Attachment A of the restitution order, require that the restitution be joint and several with

any co-defendants or co-conspirators ordered to pay restitution for the same losses, include a payment schedule and information regarding where Defendant shall send his restitution payments, waive the interest requirement, and order that Defendant shall notify the Clerk of Court of any changes in Defendant's economic circumstances or address until restitution is paid in full.

## I

## STATEMENT OF FACTS

On December 17, 2020, defendant Ruben Andre Garcia ("Defendant") pled guilty to conspiracy to commit sex trafficking by force, fraud, and coercion, in violation of Title 18 U.S.C. § 1594(c), and sex trafficking by force, fraud, and coercion, in violation of Title 18 U.S.C. § 1591(a)(1) and (2).  ECF 149, 150.  On June 14, 2021, this Court sentenced Defendant to 240 months in custody followed by 10 years of supervised release.  ECF 216, 218.  Additionally, the Court imposed a total of $10,200 in assessments.  *Id.*  A restitution hearing was held on December 10, 2021, and shortly thereafter, the Court entered the Order of Restitution on December 14, 2021.  ECF 269, 270.

## II

## ARGUMENT

A "district court retain[s] the power to enforce the order of restitution." *United States v. Carter*, 742 F.3d 440, 445 (9th Cir. 2014).  "In executing that enforcement, the court must make determinations of amounts paid and amounts owed." *Id.*  Thus, the district court has the power to "calculate credits, payments, and the balance owing, if any." *Id.*

Here, the restitution order does not state the total amount of restitution owed by Defendant.  Rather, it orders Defendant to pay $16,922,798 to the victims identified in Attachment A and additional restitution for specified amounts to the victims identified in Section C of the restitution order.  Also, while the total restitution amount of $16,922,798 to the victims identified in Attachment A is correct, the amount ordered per victim is not. Pursuant to the restitution order, "Defendant shall pay $42,097 per victim identified in

Attachment A for a total of $16,922,798." ECF 270 at 5. However, there are 401 victims identified in Attachment A, resulting in an amount greater than $42,097 per victim. Additionally, with correcting the typographical error in the restitution amount for the first victim listed on page 6 from $157.400 to $157,400, the total restitution amount to the victims identified in Section C is $1,050,730.87. Therefore, the parties request that the Court amend the restitution order to state: (1) Defendant shall pay a total of $17,973,528.87 in restitution; (2) Defendant shall pay $16,922,798.00 in restitution to the victims identified in Attachment A to the Order of Restitution entered on December 14, 2021, on a pro rata basis; and (3) Defendant shall pay $1,050,730.87 in restitution to the victims in Section C of the Order of Restitution entered on December 14, 2021, for the specified amounts on a pro rata basis.

The parties also request that the Court amend the restitution order to require that restitution be joint and several with all co-defendants and co-conspirators ordered to pay restitution for the same losses. Defendant is the first defendant to be sentenced in this case. Two defendants (Theodore Wilfred Gyi and Valerie Moser) are scheduled for sentencing on July 29, 2022, one defendant (Matthew Isaac Wolfe) is scheduled for a motion hearing on February 11, 2022, and one defendant (Michael James Pratt) remains a fugitive. Thus, the Court may order other co-defendants or co-conspirators to pay restitution for the same losses. Specifying that Defendant shall pay restitution joint and several with all co-defendants and co-conspirators ordered to pay restitution for the same losses will allow the Government and the Clerk's Office to properly credit payments made by other co-defendants or co-conspirators to Defendant's judgment, as well as properly calculate the balance owed by Defendant.

Next, the parties request that the restitution order be amended to include a payment schedule. Pursuant to 18 U.S.C. § 3664(f)(2), the district court shall specify the schedule to which restitution is to be paid in consideration of the defendant's financial resources and other assets, projected earnings and other income of the defendant, and any financial obligations of the defendant, including any dependents. 18 U.S.C. 3664(f)(2)(A)-(C). The

Ninth Circuit has held that this responsibility is non-delegable.  *See United States v. Gunning I*, 339 F.3d 948, 949-50 (9th Cir. 2003) (holding that the district court is ultimately responsible for setting a restitution payment schedule and cannot delegate this power to the United States Probation office by ordering that "[a]ny unpaid amount is to be paid during the period of supervision as directed by a U.S. probation officer"); *United States v. Gunning II*, 401 F.3d 1145, 1150 (holding that the "district court simply does not have the authority to delegate its own scheduling duties – not to the probation office, not to the BOP, not to anyone else").  Based on the PSR and the information presented at the sentencing and restitution hearings, the parties jointly request that the Court order: (1) during any period of incarceration, Defendant shall pay restitution through the Inmate Financial Responsibility Program at the rate of 50% of Defendant's income, or $25.00 per quarter, whichever is greater; and (2) upon release from custody, Defendant shall pay restitution at the rate of at least $200.00 per month, subject to modification upon further agreement of the parties or order of the Court.  Further, the parties request that the restitution order state that the payment schedule does not foreclose the United States from exercising all legal actions, remedies, and process available to collect the restitution judgment, including but not limited to remedies pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A).

Additionally, the parties request that the restitution order include that Defendant shall forward all restitution payments, by bank or cashier's check or money order payable to the "Clerk, U.S. District Court," to:

> Clerk of the Court
> United States District Court
> Southern District of California
> 333 West Broadway, Suite 420
> San Diego, CA 92101

The parties also request that the Court waive interest.  Pursuant to 18 U.S.C. § 3612(f)(1) "[t]he defendant shall pay interest on any fine or restitution over $2,500 . . ." However, the Court may waive the interest requirement if it determines that the defendant does not have the ability to pay interest.  *See* 18 U.S.C. § 3612(f)(3)(A).  Given Defendant's

lengthy custodial sentence and the significant restitution amount owed to the victims, the parties request that the Court waive interest pursuant to 18 U.S.C. § 3612(f)(3)(A).

Lastly, 18 U.S.C. § 3664(k) requires that the "restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." A restitution order over $100 shall also include the requirement that until the restitution is paid in full, the defendant shall notify the Attorney General of any change in his mailing address or residence address no later than thirty days after the change occurs. *See* 18 U.S.C. § 3612(b)(1)(F). Therefore, the parties request that the restitution order be amended to include: (1) until restitution has been paid, Defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in Defendant's economic circumstances that might affect Defendant's ability to pay restitution, no later than thirty days after the change occurs; and (2) until restitution has been paid, Defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in mailing or residence address, no later than thirty days after the change occurs.

III

CONCLUSION

Based upon the foregoing, the parties jointly request that the Court amend the restitution order to state the total restitution amount, correct the amount owed to the victims listed in Attachment A of the restitution order, require that the restitution be joint and several with any co-defendants or co-conspirators ordered to pay restitution for the same losses, include a payment schedule and information regarding where Defendant shall send his restitution payments, waive the interest requirement, and order that Defendant shall notify the Clerk of Court of any changes in Defendant's economic circumstances or address until restitution is paid in full.

DATED: April 5, 2022

Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

/s/ Joseph S. Green
JOSEPH S. GREEN
Assistant U.S. Attorney

/s/ Alexandra F. Foster
ALEXANDRA F. FOSTER
Assistant U.S. Attorney

/s/ Jan E. Ronis
JAN E. RONIS
Counsel for Defendant